IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

DAVID E. BUGG,
:
:
    Claimant,
:
:
v.
:    CASE NO. 3:07-CV-29 (CDL)
:    Social Security Appeal
:
MICHAEL J. ASTRUE,
:
Commissioner of Social Security,
:
:
    Respondent.
:

## **REPORT AND RECOMMENDATION**

The Social Security Commissioner, by adoption of the Administrative Law Judge's determination, denied Claimant's application for social security disability benefits, finding that he was not disabled within the meaning of the Social Security Act and Regulations. Claimant contends that the Commissioner's decision was in error, and he seeks review under the relevant provisions of 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c). All administrative remedies have been exhausted.

## **LEGAL STANDARDS**

The court's review of the Commissioner's decision is limited to a determination of whether it is supported by substantial evidence and whether the correct legal standards were applied. *Walker v. Bowen*, 826 F.2d 996 (11th Cir. 1987). Substantial evidence is defined as more than a scintilla and means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971). The court's role in reviewing claims brought under the Social

Security Act is a narrow one. The court may not decide facts, reweigh evidence, nor substitute its judgment for that of the Commissioner.[1] *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). It must, however, decide if the Commissioner applied the proper standards in reaching a decision. *Harrell v. Harris*, 610 F.2d 355, 359 (5th Cir. 1980). The court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual findings. *Bloodsworth v. Heckler*, 703 F.2d at 1239. However, even if the evidence preponderates against the Commissioner's decision, it must be affirmed if substantial evidence supports it. *Id.* The initial burden of establishing disability is on the claimant. *Kirkland v. Weinberger*, 480 F.2d 46 (5th Cir. 1973). The claimant's burden is a heavy one and is so stringent that it has been described as bordering on the unrealistic. *Oldham v. Schweiker*, 660 F.2d 1078 (5th Cir. 1981).

A claimant seeking Social Security disability benefits must demonstrate that he suffers from an impairment that prevents him from engaging in any substantial gainful activity for a twelve-month period. 42 U.S.C. § 423(d)(1). In addition to meeting the requirements of these statutes, in order to be eligible for disability payments, a claimant must meet the requirements of the Commissioner's regulations promulgated pursuant to the authority given in the Social Security Act. 20 C.F.R. § 404.1 et seq.

Under the regulations, the Commissioner determines if a claimant is disabled by a

---

[1] Credibility determinations are left to the Commissioner and not to the courts. *Carnes v. Sullivan*, 936 F.2d 1215, 1219 (11th Cir. 1991). It is also up to the Commissioner and not to the courts to resolve conflicts in the evidence. *Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986). See also *Graham v. Bowen*, 790 F.2d 1572, 1575 (11th Cir. 1986).

five-step procedure. 20 C.F.R. § 404.1520, Appendix 1, Part 404. First, the Commissioner determines whether the claimant is working. Second, the Commissioner determines whether the claimant has an impairment which prevents the performance of basic work activities. Next, the Commissioner determines whether the claimant's impairment(s) meets or equals an impairment listed in Appendix 1 of Part 404 of the regulations. Fourth, the Commissioner determines whether the claimant's residual functional capacity can meet the physical and mental demands of past work. Finally, the Commissioner determines whether the claimant's residual functional capacity, age, education, and past work experience prevent the performance of any other work. In arriving at a decision, the Commissioner must consider the combined effect of all the alleged impairments, without regard to whether each, if considered separately, would be disabling. *Bowen v. Heckler*, 748 F.2d 629, 635 (11th Cir. 1984). The Commissioner's failure to apply correct legal standards to the evidence is grounds for reversal. *Id.*

## ISSUES

I. **Whether the ALJ erred in finding that Claimant was not disabled pursuant to Listing 12.05?**

II. **Whether the ALJ erred in determining that Claimant could return to his past relevant work?**

### Administrative Proceedings

Claimant filed an application for Supplemental Security Income payments on July 16, 2003. (T-15). Claimant's application was denied initially and on reconsideration. *Id.*

Claimant then filed a request for a hearing, which was held on September 27, 2005. Subsequent to the hearing, the ALJ found that the Claimant was not disabled in a decision dated July 7, 2006. (T-15-22). Claimant then requested a review of the ALJ's findings by the Appeals Council. Thereafter, the Appeals Council denied review, making the ALJ's decision the final decision of the Commissioner. (T-4-6).

## Statement of Facts and Evidence

Claimant alleges that he is disabled due to mild mental retardation and functional illiteracy. R-12, p. 2). After examining the medical records, the ALJ determined that Claimant has borderline intellectual functioning and psychosis, impairments which he deemed severe within the meaning of the Regulations but not severe enough to meet, or medically equal, any of the impairments listed in Appendix 1, Subpart P, Regulations No. 4. (T-17). The ALJ determined that Claimant would be able to return to his past relevant work as a maintenance person, thus determining that Claimant was not disabled. (T-21)

**I.     Did the ALJ err in finding that the Claimant's mental impairment did not meet Listing 12.05?**

Listing 12.05 is entitled Mental Retardation and Autism. Mental retardation is noted to refer to a significantly subaverage general intellectual functioning with deficits in adaptive behavior initially manifested during the developmental period (before age twenty-two). 20 C.F.R. Pt. 404, Subpt. P, App. 1, Section 12.05. Listing 12.05B is met when a claimant has demonstrated that he has "a valid verbal, performance, or scale IQ of 59 or less. *Id.* at § 12.05B. Listing 12.05C is satisfied where the claimant can show he had defective

4

intellectual functioning which manifested itself before the age of twenty-two and that the claimant has a valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing additional and significant work-related limitation of function. *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.05C. *See also* 20 C.F.R. Pt. 404, Subpt. P, App. 1, Section 12.00D. "Significant" means an additional impairment that is more than slight or minimal, but it need not be "severe." *Edwards by Edwards v. Heckler*, 755 F.2d 1513, 1515 (11th Cir. 1985).

The Claimant first contends that the ALJ erred in finding that he was not disabled pursuant to Listing 12.05B where the ALJ accepted the Welsher Adult Intelligence Scale IQ test which revealed that Claimant possessed a verbal IQ score of 62, a performance IQ of 63 and a full scale score of 59, as found by the consultative examiner, Dr. Solomon. (T-12, p. 7). Claimant further contends that the ALJ erred in not finding that he met the Listing for Mental Retardation, where he satisfied both prongs of the 12.05C requirement. (R-12, p. 13). Specifically, the Claimant states that he met the first prong of the Listing based on his IQ test scores. *Id*. Claimant further argues that where the ALJ found that he had another severe impairment consisting of psychosis, he met the second prong of the listing for mental retardation. *Id*.

The record reveals that the ALJ noted Claimant's IQ scores in his findings. (T-18). The ALJ determined that Claimant's borderline intellectual functioning and psychosis were "severe" within the meaning of the Regulations but not "severe" enough to meet or equal, singly or in combination, one of the impairments listed in Appendix 1, Subpart P, regulations

5

No.4. (R-18-19). After a thorough discussion of all four areas of functional limitations, the ALJ found that Claimant had no more than mild limitations in the area of activities of daily living, and moderate limitations maintaining social functioning and in maintaining concentration, persistence and pace. *Id*.

It should be noted here that the Eleventh Circuit has held that the ALJ is not required to accept a claimant's I.Q. scores and may reject scores that are inconsistent with the record. Test results of this sort should be examined "in conjunction with other medical evidence and the claimant's daily activities and behavior." *Popp v. Heckler*, 779 F.2d 1497, 1500 (11th Cir. 1986). Furthermore, *Lowery v. Sullivan,* a 1992 case from the Eleventh Circuit, held that a valid IQ score is not conclusive of mental retardation if the score is not consistent with other evidence of record. *Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992). Therefore, it was proper for the ALJ to examine the record in assessing the reliability of Claimant's scores.

In support of his contention that the ALJ erred in determining that he did not meet Listing 12.05C, Claimant cites *Hodges v. Barnhart*, a 2001 Eleventh Circuit Court decision which cited 20 C.F.R. Pt. 404, Subpt. P, Appendix 1 §12.05, stating that "[A] claimant meets the criteria for presumptive disability under Listing 12.05(C) when the claimant presents a valid I.Q. score of 60 to 70 and evidence of additional mental or physical impairment." *Hodges,* 276 F.3d 1265 (11th Cir. 2001). In *Hodges*, the claimant's IQ scores revealed a verbal score IQ of 67, a performance IQ of 79 and a full scale IQ of 72. *Id.* at 1267. The *Hodges* ALJ adopted those scores as valid, but found that the claimant failed to show that

she manifested any deficits in adaptive function prior to age twenty-two, as is required by the Regulations. The *Hodges* Court held that "IQ tests create a rebuttable presumption of a fairly constant IQ throughout [a claimant's] life." *Id.* at 1268. Thus, the Court found that where a claimant presents evidence of mental disability after age twenty-two, it is error for the ALJ to fail to presume that the claimant manifested the mental disability prior to age twenty-two. *Id.* at 1269.

A review of the evidence in Claimant's case reveals that the ALJ did not find that Claimant failed to show that he possessed any deficits in mental functioning prior to age twenty-two. Rather, the ALJ found that Claimant's overall scores place him in the Borderline Range of Intellectual Functioning, which was not out of line with Dr. Solomon's diagnosis which was "rule out mild mental retardation and borderline intellectual functioning". (R-21). As previously stated, a valid IQ score is not conclusive of mental retardation if it is not consistent with other evidence of record. *Lowery v. Sullivan*. 979 F.2d 837. Thus, in analyzing the effects of Claimant's mental impairment, the ALJ correctly found that his intellectual functioning did not meet Listing 12.05B or 12.05C.

**II.      Did the ALJ err in determining that Claimant could return to his past relevant work?**

Claimant also argues that the ALJ erred in determining that he had the residual functional capacity to perform his past relevant work as a maintenance person. (R-12, p. 15). The Regulations state that Claimant bears the burden of proving that he is incapable of performing his past relevant work, either as he performed it or as it is generally performed

7

in the national economy. See 20 C.F.R. §416.920(a)(4)(iv), (f). After establishing that Claimant could return to his past relevant work, the ALJ is not required to go any further in the sequential evaluation. 20 C.F.R. §416.960(b)(3) ("If we find that you have the residual functional capacity to do your past relevant work . . . we will not consider your vocational factors of age, education, and work experience or whether your past relevant work exists in significant numbers in the national economy).

A review of the findings in this case demonstrates that the ALJ did not err in determining Claimant's residual functional capacity. Therefore, the burden shifted to Claimant to establish that he was unable to perform his past relevant work. Based on his evaluation of the medical evidence as a whole, along with the testimony of the Claimant, the ALJ found that Claimant retained the RFC to perform past work as a maintenance person, but not his prior work as a deboner, due to his mental limitations. (T-21). He based that decision on his review of the medical records, on the evaluations of the consultative examiners and on the testimony of the Claimant himself. Accordingly, the ALJ applied the appropriate legal standards and his decision is supported by substantial evidence.

As noted above, the court may not decide facts, re-weigh evidence, nor substitute its judgment for that of the Commissioner, but must decide if the Commissioner applied the proper standards in reaching a decision. Here, the ALJ applied the proper standards and supported his findings with substantial evidence in the record. As such, no error is found in the ALJ's evaluation of Claimant's impairments.

## **CONCLUSION**

In reviewing the record, no evidence of error is found to substantiate the Claimant's contentions that the ALJ committed reversible error in this case. This Court finds that the ALJ properly evaluated the evidence of record and finds further that the decision of the ALJ is supported by substantial evidence. Moreover, the record fails to reveal evidence of the ALJ acting outside of his judicial role in determining the extent of the Claimant's disability.

**WHEREFORE**, it is the recommendation to the United States District Judge that the decision of the defendant Commissioner of Social Security be **AFFIRMED**. Pursuant to 28 U.S.C. § 636(b)(1), Claimant may serve and file written objections to this recommendation with the UNITED STATES DISTRICT JUDGE within ten (10) days after being served a copy of this recommendation.

**SO RECOMMENDED**, this the 4th Day of September, 2008.

S/ G. MALLON FAIRCLOTH
UNITED STATES MAGISTRATE JUDGE